IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 09-60-04 |
| DEVON BRINKLEY : | |

**MEMORANDUM**

**Schiller, J.**                                                                                           **August 20, 2021**

Before the Court is Devon Brinkley's motion for reduction in sentence pursuant to 18 U.S.C. 3582(c)(1)(A). For the reasons that follow, the motion is granted. Defendant's sentence is reduced from 1,285 months' imprisonment to 240 months' imprisonment, to be followed by five years of supervised release.

**I.      FACTUAL BACKGROUND**

Over a nine-day period in October of 2008, when he was 21 years old, Brinkley participated in a series of armed robberies in and around the city of Philadelphia. The targets of these robberies included three Dunkin' Donuts shops, a McDonald's restaurant, and a Pizza Hut. In total, the robberies resulted in a loss of less than $20,000. The robbers left Pizza Hut without successfully stealing any money. While the use of firearms in the commission of these robberies made them particularly terrifying for the victims, none of the robberies resulted in serious physical injury to anyone. Brinkley was indicted, along with five co-defendants, and charged with one count of conspiracy to commit Hobbs Act robbery; five counts of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); and five counts of carrying / using a firearm in relation to a crime of violence, aiding and abetting, in violation of 18 U.S.C. § 924(c)(1). Four of Brinkley's five co-defendants pleaded guilty.

Brinkley and one co-defendant proceeded to trial on September 22, 2010. That trial resulted in the acquittal of Brinkley's co-defendant and a hung jury as to Brinkley. Brinkley proceeded to trial a second time on March 1, 2011, resulting in a second hung jury. Brinkley proceeded to trial for a third time on May 10, 2011. On May 12, 2011, the third jury convicted Brinkley on all charges.

In August of 2011, at the time of Brinkley's sentencing, each conviction under § 924(c) was subject to a mandatory minimum sentence, which could not run concurrently to any other sentence. Thus, because it determined that a firearm was brandished in the commission of the offenses, the Court imposed a mandatory minimum sentence of 1,284 months' (107 years) imprisonment, total, on the five 924(c) counts—7 years on the first count and 25 years each on the other four.[1] The Court imposed a sentence of one month imprisonment on each of the other counts, to run concurrently to each other, for a total sentence of 1,285 months' imprisonment. Brinkley is expected to be released on June 29, 2105. He is currently 34 years old. He would be 118 years old in 2105.

On December 21, 2018, Congress passed the First Step Act (FSA). Two sections of the Act are particularly relevant to the Court's decision here: Section 403 and Section 603(b). Prior to passage of the First Step Act, only the Director of the Bureau of Prisons could bring a motion for compassionate release on behalf of a federal inmate. *See* 18 U.S.C. § 3582(c)(1)(A) (2012). The FSA, in a section titled "Increasing The Use And Transparency Of Compassionate Release,"

---

[1] At sentencing, the Court found that Brinkley brandished a firearm in connection with his first § 924(c) count, which required the Court to impose a seven-year sentence on that count. However, after Brinkley's sentencing, the Supreme Court held that a fact that increases a mandatory minimum sentence is an "element", which must be submitted to the jury. *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Thus, because the Court and not the jury specifically found that Brinkley brandished a firearm, he would have been sentenced to only five years on each § 924(c) count. See *United States v. Ezell*, -- F. Supp. 3d --, 2021 WL 510293, n.5 (E.D. Pa. Feb. 11, 2021).

amended the requirements to allow a federal defendant to bring a motion on his or her own behalf. § 603(b). Additionally, pursuant to Section 403, Congress amended 18 U.S.C. § 924(c) to provide that a mandatory consecutive 25-year sentence for successive § 924(c) convictions *does not apply* unless the defendant had a previous, final conviction under § 924(c). *See* § 403.

Defendant argues that this change in sentencing law, and the enormous disparity between the sentence he is serving and what he would receive today, in combination with his youth at the time of the offense, the disparity between his sentence and his co-defendants' sentences, and his subsequent rehabilitation, constitute extraordinary and compelling reasons to reduce his sentence under 18 U.S.C. 3582(c)(1)(A). The Government disagrees with Defendant's calculation of the mandatory minimum sentence to which he would be subject under the law as it stands today; but it is undisputed that the sentence he is serving is at least 70 years longer than what would be imposed today. Still, the Government argues that "these circumstances as a matter of law do not by themselves allow relief under Section 3582(c)(1)(A)(i)." (Gov't Resp. in Opp'n to Def.'s Mot. for Reduction in Sent. [Gov't Opp'n] at 6.) The Court disagrees.

## II. DISCUSSION

### A. "Compassionate Release"[2] Statute

Upon a motion of the defendant, the district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before filing a motion for compassionate release, the defendant must exhaust administrative rights to appeal with the BOP or thirty days must have passed since the submission of a request to the

---

[2] 18 U.S.C. 3582(c)(1)(A) is often referred to as the compassionate release statute. However, its title refers to a "reduction in sentence", and the statute does not limit the Court's power to grant such a reduction to instances in which it would result in the defendant's immediate release.

warden, whichever is earlier. *Id.* § 3582(c)(1)(A).[3] Prior to granting a sentence reduction, a district court must also "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id*. Finally, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(ii).

The Sentencing Commission adopted a policy statement regarding extraordinary and compelling reasons to warrant reduction of a sentence "[u]pon motion of the Director of the Bureau of Prisons[.]" U.S.S.G. § 1B1.13. Since passage of the First Step Act, the Sentencing Commission has not adopted a new policy statement to address defendant-filed motions for compassionate release. *Rodriguez*, 451 F. Supp. 3d at 397 (E.D. Pa. 2020). As a result, currently, there is no policy statement of the Sentencing Commission applicable to motions for compassionate release filed by defendants. *Id.* at 398 (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)).

B.   **Extraordinary and Compelling Reasons**

In the absence of an applicable policy statement from the Sentencing Commission, the district court has discretion to determine what circumstances constitute extraordinary and compelling reasons for a reduction of sentence. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *Rodriguez*, 451 F. Supp. 3d at 400 (E.D. Pa. 2020). District courts "are not hamstringed because the Sentencing Commission has failed to update the pertinent guidance." *United States v. Adeyemi*, 470 F. Supp. 3d 489, 510 (E.D. Pa. 2020) (citing *United States v. Dixon*, 648 F.3d 195, 200-01 (3d Cir. 2011)).

---

[3]   Defendant reports submitting a request to the Warden of his facility on February 16, 2021, but "has been unable to obtain a copy of the original request from prison officials." (Def.'s Mot. for Reduction in Sentence at n1.) The Government did not address this issue, therefore the Court considers Defendant's administrative remedies exhausted.

4

The commentary to the policy statement pertaining to compassionate release motions brought by the Director of the BOP describes extraordinary and compelling reasons to release certain defendants, including those who are terminally ill, aging, or experience the death or incapacitation of a spouse or caregiver to their minor child. U.S.S.G. § 1B1.13 cmt. n1(A)-(C). The outdated policy statement also contemplates the possibility of the Director approving a request due to "an extraordinary and compelling reason, other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n1(D).

The Government disagrees with this Court's determination that the Sentencing Commission's policy statement is not binding on courts considering a motion for reduction in sentence filed by the defendant. Even if the Commission's definition of extraordinary and compelling is not controlling, the Government "insist[s] that a change in sentencing law, that Congress expressly declared non-retroactive . . . cannot suffice." (Gov't Resp. in Opp'n to Def.'s Mot. for Reduction of Sent. at 14.) Citing *United States v. Andrews*, 480 F. Supp. 3d 669 (E.D. Pa. Aug. 19, 2020), the Government argues § 403 was not applied retroactively by Congress, therefore, the length of a defendant's sentence cannot, by itself or in combination with other sentencing considerations, "qualify as an extraordinary and compelling reason to grant compassionate release because this would infringe on the legislature's province to fix penalties." (Gov't Opp'n at 15.) (internal quotation marks omitted). The Court is not persuaded.

The Court agrees with the well-reasoned opinion of Judge DuBois in *United States v. Ezell*, -- F. Supp. 3d --, 2021 WL 510293 (E.D. Pa. Feb. 11, 2021).

> In declining to give § 403 retroactive effect, Congress did not express a broad intent to foreclose other avenues of relief to the class of defendants sentenced under the pre-First Step Act § 924(c). Nor did it instruct courts to refrain from exercising their authority under § 3582(C)(1)(A) if, in so doing, they might coincidentally produce a result consistent with the retroactive application of § 403.

*Id*. at *5.

The Fourth Circuit agrees, having opined "there is a significant difference between automatic vacatur … of an entire class of sentences … and allowing for the provision of individual relief in the most grievous cases." *United States v. McCoy*, 981 F. 3d 271, 286-7 (4th Cir. 2020). The only express Congressional limitation on a district court's power to modify a sentence for extraordinary and compelling reasons is that *rehabilitation alone* "shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994. This Court will not restrict people's possibility of relief from extreme sentences by reading restrictive intent into provisions of a law drafted to reduce extreme sentences and *increase* the use of compassionate release.[4]

This Court considers the disparity of at least seventy (70) years, between Brinkley's sentence and the sentence he would receive today to be a compelling justification for a reduction of his sentence. Indeed, if such disparities are so ubiquitous that the Government considers them ordinary, the Court might be all the more compelled. Having concluded that Brinkley's sentence is unduly harsh and excessive, the Court will determine whether, in combination with the other factors he has identified, Defendant has presented extraordinary and compelling reasons to justify a reduction in sentence.

Brinkley argues, and his PSR confirms, "[h]e committed these offenses at [a] young age, after an extraordinarily difficult childhood in which he was physically abused by his stepfather,

---

[4] It is notable that the Director of the Bureau of Prisons, in response to questions from Senators Brian Schatz and Mike Lee, reported that throughout the COVID-19 pandemic, nearly 31,000 federal inmates requested sentence reductions under § 3582(c)(1)(A). Of those 31,000, Wardens recommended granting fewer than 400. Of the 374 requests that Wardens recommended granting, the Director approved only 36. In 2019, before the pandemic, fewer than 2,000 requests were made and the Director approved more than 50. Federal judges granted 3,221 compassionate release motions during the pandemic. *See* Director's Letter, available at www.schatz.senate.gov/imo/media/doc/Response%20from%20BOP%20re.%20compassioante%20release%20during%20COVID%204.16.21.pdf. (last visited Aug. 19, 2021).

abandoned by his biological father, and neglected by his mother, who was overwhelmed with nine children." (Def.'s Mot. for Reduction in Sent. at 18.) Brinkley submitted a supplemental exhibit to his motion in the form of a letter to the Court in which he expressed great remorse for the suffering he imposed on the victims in this case and a commitment to bettering himself while incarcerated. (*See* Supplemental Exhibit, ECF 398.) His letter states that prior to his incarceration, he could not read or write, having dropped out of school at 12 when he ran away from an abusive household. He acknowledges that his upbringing is not an excuse for his crimes. (*Id*.) However, the Court considers all of this relevant to its analysis.

During his time in prison, Brinkley has participated in numerous programs, both educational and vocational, as well as programs focused on personal growth. His disciplinary history is minimal, with the most recent incident having taken place more than five years ago. The Court agrees that "[o]verall, Brinkley's efforts reflect that he has been focused on self-improvement and making a positive contribution to society, even though he had no expectation of being released from prison." (Def.'s Mot. for Reduction in Sent. at 18.) The Government characterizes many of Brinkley's achievements in prison differently than he does, but it does not dispute that he consistently receives "outstanding" work reports and "is considered extremely hardworking and dependable." (*Id*.) Considering all of these factors, the Court finds Brinkley has presented extraordinary and compelling reasons for a reduction of his sentence.

### C. Consistency with Sentencing Considerations

Finally, the Court must consider whether a sentence reduction is appropriate in light of the Section 3553(a) factors. The relevant factors include the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, promote respect for law, provide just punishment, provide adequate deterrence, protect

the public from further crimes, and provide the defendant with needed correctional treatment in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1-2,6). This determination is left to the discretion of the district court. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

Here, the factors weigh in favor of granting Defendant's motion in the manner outlined below. As discussed above, the nature and circumstances of the crimes were serious, however, "the Court doubts any reasonable person would suggest they are deserving of a sentence 5 times the length of the average sentence for murder." *United States v. Haynes*, Crim. A. No. 96-40034, 2021 WL 406595, *6 (C.D. Ill. Feb. 5, 2021)(noting in 2019, the average sentence for someone convicted of murder in the U.S. was approximately 21 years' incarceration). Defendant points out that of his four co-defendants who pleaded guilty, none received a sentence higher than 240 months' imprisonment. "In fact, the combined sentences of Brinkley's co-defendants comes out to 676 months, or a little more than half of Brinkley's 1,285-month term." (Def.'s Mot. at 18.) Thus, granting the motion avoids unwarranted sentence disparities while still affording adequate deterrence and promoting respect for the law.

### III. CONCLUSION

For the foregoing reasons, Devon Brinkley's Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is granted. Brinkley's sentence is reduced to 240 months' imprisonment, to be followed by five years of supervised release. An Order consistent with this Memorandum will be docketed separately.